UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
04/22/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| Harpreet Singh, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-805 (UNA) |
| William P. Barr *et al*., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of plaintiff's application to proceed *in forma pauperis* and complaint. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is a former "immigration detainee," who now resides in Punjab, India. Compl. at 4. He has sued Attorney General William Barr, the Executive Office for Immigration Review, and Immigration Judge Dietrich Sims, but he is not challenging his deportation order. *See id*. at 2 (clarifying that defendants "need not . . . argue that [plaintiff's] claim is barred under" the Immigration and Nationality Act since "he is not challenging any discretionary decision nor is he arguing that a federal law is unconstitutional"). Instead, plaintiff alleges that "a particular immigration court," namely defendant Sims, "is unconstitutionally discriminating against aliens, in particular against asylum applicants, in the way that it applies federal laws." *Id*. at 2-3.

1

Plaintiff posits that "asylum applicants" appearing before Sims "have absolutely no chance to avail relief because of the inherent pervasive bias that he holds against aliens." *Id*. at 3. Plaintiff alleges that in approximately two years that he was detained "under the jurisdiction of Dallas Immigration Court," he became "aware of and personally reviewed a harrowing number of [faulty] decisions rendered by IJ Sims[.]" *Id*. at 4 (listing alleged errors). Although plaintiff states that this action is not about him, he has included "himself" in the class of aliens and asylum applicants against whom Sims allegedly discriminated. *Id*. at 10-11. Plaintiff concludes that "if only [his] case" was "handled by a different judge or . . . presented in a different Immigration Court," he "would not have suffered a two-year deprivation of liberty and his requested relief of asylum would not have been denied." *Id*. at 11. Plaintiff seeks declaratory and injunctive relief with regard to Sims' alleged discriminatory decisions against "asylum applicants from India, Bangladesh and Pakistan." *Id*.

Plaintiff has stressed that he is not challenging his order of deportation, and the attachments to complaint do not include a final agency action in that regard. But plaintiff, no matter how well-intentioned, cannot press the claims of other asylum seekers because "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by [licensed] counsel[.]" 28 U.S.C. § 1654. In other words, a lay person, such as plaintiff, "may appear [in federal court] *pro se* but is not qualified to appear . . . as counsel for others." *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). The D.C. Circuit has made clear, moreover, that "a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative." *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.* 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003) (examining

2

cases). Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April 21, 2020

_____/s/_____
AMY BERMAN JACKSON
United States District Judge